COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEVIN CHAVEZ,<br><br>                    Plaintiff,<br>vs.<br><br>ADVANCED COLLECTION BUREAU, INC., a Florida Corporation,<br><br>                    Defendant. | **COMPLAINT** |

Plaintiff, Devin Chavez (hereinafter "Plaintiff"), by and through his counsel of record, Cogburn Law Offices, hereby complains against Defendant as follows:

## I.     PRELIMINARY STATEMENT.

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION.

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).  Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES.

3. Plaintiff is a natural person residing in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Advanced Collections Bureau, Inc., (hereinafter "ACB") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Upon information and belief, ACB is a foreign entity licensed in the State of Florida and doing business in Nevada.

7. Upon information and belief, ACB is not registered with the State of Nevada as a collection agency or as a foreign collection agency.

8. ACB is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV. GENERAL ALLEGATIONS

9. Plaintiff had previously entered into a lease agreement with SC Investments LV for the rental of an apartment.

10. That particular lease was terminated in April 2014.

11. Upon moving out, the parties to the lease did not perform a move-out inspection.

12. In February 2018, Plaintiff checked his credit and discovered that ACB had furnished information to credit reporting bureaus indicating a balance of approximately $7,025.00.

13. Plaintiff never received notice of the alleged debt or a *Dunning Letter* from ACB.

14. On March 8, 2018, Plaintiff contacted ACB and spoke to a representative.

15. At no point during the call, did the ACB representative indicate to Plaintiff that ACB was in the process of collecting a debt allegedly owed by Plaintiff.

16. Shortly after that call terminated, the Plaintiff called back and asked for debt validation.

17. ACB never provided Plaintiff with a *Dunning Letter*, indicating that ACB was attempting to collect a debt, or a validation of the alleged exorbitant charges.

## V. CLAIMS FOR RELIEF

### CLAIM FOR RELIEF AGAINST ACB
### (Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692)

18. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

19. Defendant was negligent and/or willful, rendering them liable for attempting to collect an improper balance due, fees, interests and/or expenses not authorized or permitted by law, and in violation of 1692f(1).

20. ACB's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper verification of the debt to the prior to initiating a lawsuit, in violation of 1692g(b).

21. As a result of the foregoing violations, the ACB Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(1).

22. As a result of the foregoing violations, the ACB Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than up to $1,000 per violation, pursuant to 1692k(a)(2)(a).

23. As a result of the foregoing violations, the ACB Defendant is liable for costs and reasonable attorney fees pursuant to 1692k(a)(3).

24. Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and reasonable attorney fees and costs thereunder.

25. An actual controversy has arisen and now exists between the parties concerning their respective rights and duties under the FDCPA. A judicial declaration that the ACB Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

**VI.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as may be just and proper.

…

…

…

…

…

…

…

…

## VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 7th day of August, 2018.

                COGBURN LAW OFFICES

                By:   */s/Erik W. Fox*
                     Jamie S. Cogburn, Esq.
                     Nevada Bar No. 8409
                     Erik W. Fox, Esq.
                     Nevada Bar No. 8804
                     2580 St. Rose Parkway, Suite 330
                     Henderson, Nevada 89074
                     *Attorneys for Plaintiff*